[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10429

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JESSE BERNARD ROBINSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00127-WWB-DCI-1

_____

Before JORDAN, NEWSOM, AND LUCK, Circuit Judges.

PER CURIAM:

Jesse Bernard Robinson, Jr. appeals his 188-month sentence for eight counts of conspiracy to possess with intent to distribute fentanyl and distribution of fentanyl. Robinson challenges his sentence as substantively unreasonable because the district court failed to account for his difficult background, excessively weighed his criminal history, and abused its discretion by denying his request for a downward variance from the applicable guideline range. We affirm.

We evaluate the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *See Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing the substantive reasonableness of a sentence, we consider the totality of the circumstances and whether the sentence achieves the purposes of sentencing stated in 18 U.S.C. section 3553(a). *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The purposes of sentencing include promoting respect for the law, providing just punishment, deterring criminal conduct, and protecting the public from further crimes. 18 U.S.C. § 3553(a)(2). A sentencing court also should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guideline range,

policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. *Id.* § 3553(a)(1), (3)–(7).

We will disturb a sentence "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the section 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (alterations omitted). The party challenging the sentence bears the burden of showing that the sentence is unreasonable in the light of the record and the section 3553(a) factors. *Id.*

Robinson has failed to demonstrate that his 188-month sentence is substantively unreasonable. Robinson's sentence represents the low end of the advisory guideline range of 188 to 235 months' imprisonment. Although we do not automatically presume that a within-guideline sentence is reasonable, we ordinarily expect it to be. *United States v. Perkins*, 787 F.3d 1329, 1342 (11th Cir. 2015).

The district court explained that a sentence of 188 months was sufficient but not greater than necessary to achieve the purposes of sentencing set forth in section 3553(a). The district court considered Robinson's personal history and acknowledged that he suffered a horrific childhood. The district court recognized that Robinson's parents had been in prison, that he had been shuffled back and forth, and that he had learned to see drug use as normal. The district court added, however, that there are many people who

have very difficult childhoods but end up making something of themselves without choosing to break the law. This record clearly shows that the district court did not fail to weigh Robinson's troubled background as Robinson alleges.

Nor did the district court abuse its discretion in denying Robinson's request for a downward variance. The district court noted that Robinson had a twenty-year criminal history that included previous convictions for selling drugs. The district court explained that Robinson had been to prison before, that he previously turned down drug treatment, and that he had committed a serious offense that wreaks havoc on communities. The district court emphasized Robinson's criminal history, the seriousness of his offenses, and the deterrent effect of a guideline sentence. Finally, the district court stated that it had considered the section 3553(a) factors and found that a sentence within the applicable guideline range was appropriate and sufficient but not greater than necessary to comply with the statutory purposes of sentencing.

Robinson identifies no factors in section 3553(a) that the district court failed to consider, nor does he provide any support for his assertion that the district court placed too much weight on his criminal history. The record leaves us with no "definite and firm conviction that the district court committed a clear error of judgment." *Shabazz*, 887 F.3d at 1224. Because the district court abused no discretion, we affirm Robinson's sentence.

**AFFIRMED.**